( The CouitT delivered in their decision as follows : — ; The first and second errors may be considered together. It appears in the record that an order of reference had been made ; that at a subsequent term it was, on the motion of the plaintiff’s attorney, set aside} without objection on the part of the defendant, who was in court} and immediately thereafter, on the record, put in á de; inurrer to the declaration. The demurrer was joined} argued, and overruled by the court; The defendant moved for and obtained leave to withdraw his demurrer, and pleaded not guilty ; on which issue was join; ed, and the verdict of a jury rendered, on which the judgment of the court was pronounced.
After this, it is certainly too late to object} either td the setting aside the order of reference, or to the judgment on the demurrer;
The defendant having withdrawn the demurrer, and having gone to trial on the plea of not guilty, superseded the judgment on the demurrer, as completely as if the demurrer had never been filed, nor an Opinion given thereon.
And the party should be considered as having waived the objection to the order of reference, unless he had excepted to the opinion of the court setting it asides
*170 The premises assumed in the third assignment of error, cannot be admitted ; but if admitted, the conclusion does not follow. The complaints stated against the sheriff, by the declartion, are, first, that contrary to the duties of his office, he neglected to make return of the security, and a copy of the bail bond which he had actually taken, on executing the process. Secondly, that he neglected altogether, to make any return whatever, on the said writ, or to the same. The discharge of Towbridge (on his motion) from his undertaking as appearance bail, the alias capias, and eventual loss of the plaintiff’s demand against Mershon, are stated as the consequences flowing from the neglect of the sheriff, and in aggravation of the damages.
The neglect to make return of the process, and of the execution thereof on the defendant, Mershon, was, of itself, one substantive cause of action. The failure to return the name of the bail and copy of the bail bond, was another. Putting the writ into the office without his official certificate of what had been done thereby, was no return thereof, in compliance with his duty.
The official notification, as well of the execution of process as of the name of the bail returned by the proper officer, who acts upon oath, constitutes the authority of the plaintiff to ask, and of the court to award judgment against the defendant and bail, in each individual case ; and is one of the safeguards of the citizen against surreptitious judgments, which ought not to be dispensed with.* Presumptive evidence will not do.
That the officer had the writ; that he was seen after-wards in conversation with the defendant; and a bail bond in the office with the writ, after the return day thereof; would furnish strong presumption that the officer had performed his duty : and yet he might have omitted to serve the process ; and to excuse his negligence, have put in a colourable bail bond, which he dare not assert upon his oath of office was executed by the persons named therein as obligors.
The certificate of the office!- is necessary to connect the bail and his bond with the writ, and the writ with the *171 ¿service thereof on the defendant. Without this connection, therefore,, the court would not have been war-. ranted in giving judgment against the defendant in this . particular case, or against Towhridge, the bail. And if the plaintiff had taken judgment against either by default, the judgment would have been erroneous.
Clay, for the plaintiff — Wickliffe, for the defendant..
The sheriff might have moved in due time for leave to make his return on the writ, and thereby have enabled the plaintiff to proceed*. But this does not appear on the record to have been done.. Whether the bail officiously interfered, or the corrective arm of the court was interposed, without the request of any of the persons concerned, is immaterial; the neglect of' the sheriff was the same — the damage to the plaintiff was the same. — —Judgment affirmed.

 In the cafe of Brittenham vs. Cummins, fall term 1809, it was decided that an endorfement purporting to be the acknowledgment of the defendant of the fervice of the fummons, was not fufficient to authorife a judgment in a cafe on petition and fummons.